IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY J. BIGGS,

    Petitioner,                      No. CIV S-04-2667 MCE CMK

    vs.

ARNOLD SCHWARZENEGGER, et al.,

    Respondents.               ORDER AND

                                /        FINDINGS & RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Petitioner has filed a motion to file exhibits to his petition under seal. After a review of the exhibits, the court does not find that there is an overriding interest which supports sealing any of petitioner's exhibits. See Phoenix Newspapers, Inc. v. U.S. District Court of Arizona, 156 F.3d 940, 946 (9th Cir. 1998). Therefore, petitioner's motion to file exhibits A through I under seal, will be denied.

///

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner has not presented his claim to the California Supreme Court. Accordingly, the petition should be dismissed without prejudice.[2]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's "Motion to File Under Seal Volume of Exhibits" is denied;

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2005

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE