IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY J. BIGGS, | No. CIV S-04-2667-MCE-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| ARNOLD SCHWARZENEGGER, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 17, 2005, the court issued an order which contained findings and recommendations that the petition be dismissed for failure to exhaust state court remedies. Those findings and recommendations were adopted and judgment was entered on June 30, 2005. Petitioner appealed and, following remand from the Ninth Circuit Court of Appeals, this court issued an order on December 20, 2005, vacating the judgment and providing petitioner an opportunity to file objections to the May 17, 2005, findings and recommendations. Petitioner filed objections on December 9, 2005.

/ / /

1

In the May 17, 2005, findings and recommendations, the court stated petitioner failed to exhaust state court remedies by failing to present his claim to the California Supreme Court. In his objections, petitioner declares that he filed a petition for review with the California Supreme Court on September 10, 2004, which was denied on November 17, 2004. Based on the foregoing, it appears that petitioner has indeed exhausted his state court remedies. The May 17, 2005, findings and recommendations will be vacated.[1]

The petition continues, however, to suffer from a defect not previously identified. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also Rule 2(a), Federal Rules Governing Section 2254 Cases. Here, petitioner names as respondents Arnold Schwarzenegger, CDC Director J. Woodford, and the Board of Prison Terms. None of these are the warden of San Quentin State Prison, where petitioner is currently confined. Because petitioner has not named the appropriate state officer, the petition must be dismissed with leave to amend to name the correct respondent. See Stanley, 21 F.3d at 360. Petitioner is warned that failure to comply with this order may result in the dismissal of this action. See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on May 17, 2005, are vacated;

2. Petitioner's petition for writ of habeas corpus is dismissed with leave to amend;

3. Petitioner shall file an amended petition on the form employed by this court, and which names the proper respondent and states all claims and requests for relief, within 30 days of the date of this order; and

/ / /

---

[1] The portion of the court's May 17, 2005, order granting in forma pauperis status is not vacated and remains in effect.

4. The Clerk of the Court is directed to send petitioner the court's form habeas corpus application.

DATED: February 22, 2006.

                                                          */s/ Craig M. Kellison*
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE