**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY J. BIGGS, | No. CIV S-04-2667-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| EDDIE YLST, Acting Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 29). Petitioner filed an opposition (Doc. 30).

Respondent asserts that the instant petition is "mixed" in that it contains both exhausted and unexhausted claims. Respondent also argues that petitioner procedurally defaulted on some of his claims.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

## I. BACKGROUND

Petitioner filed a pro se petition for a writ of habeas corpus in the Sam Mateo County Superior Court on May 27, 2004, challenging the denial of parole. As indicated by the superior court's July 15, 2004, order denying the petition, petitioner argued that: (1) the decision denying parole was not based on sufficient evidence; and (2) he was improperly placed in waist chains and cuffs during his parole hearing. In addition, the state court noted that petitioner raised the following other issues: "the trial court indicating Petitioner would be out in 12 years, the DA opposing parole, not issuing subpoenas for witnesses, a lack of specific instructions from the Board for achieving suitability, forwarding the parole decision to the governor for review, and providing tapes of the proceedings. . . ." As to the first claim, the state court concluded that there was "some evidence" to support the decision. As to the second claim, the court found that placing petitioner in restraints at his parole hearing did not violate state law. All of the remaining claims were denied under California's rule barring piecemeal litigation of claims in successive petitions. See In re Clark, 5 Cal. 4th 750, 767 (1993).

Petitioner filed a petition in the California Court of Appeal on July 26, 2004, raising the same claims. The Court of Appeal denied the petition on September 8, 2004, without comment or citation. Petitioner then filed a petition in the California Supreme Court, which also summarily denied without comment or citation.

## II. DISCUSSION

Respondent concedes that the instant petition raises the same claims as raised to the state courts. Respondent also concedes that petitioner's claims that the parole decision was not based on sufficient evidence and that he was improperly placed in restraints were decided by the state courts on the merits. Respondent does not seek dismissal of these claims. As to all remaining claims, respondent primarily argues that this court is barred from reviewing them because of a state procedural default. Specifically, respondent observes that the state court

denied these claims under Clark – California successive petition rule.

Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief rests on a state law ground that is independent of federal law and adequate to support the judgment. See Coleman v. Thompson, 501 U.S. 722 (1991); Harris v. Reed, 489 U.S. 255, 260-62 (1989). Generally, the only state law grounds meeting these requirements are state procedural rules. Even if there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner can demonstrate: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. See Harris, 489 U.S. at 262 (citing Murray v. Carrier, 477 U.S. 478, 485, 495 (1986)).

Addressing first whether the California successive petition default bars review in this case, the court concludes that the default imposed in this case is independent. See Bennet v. Mueller, 322 F.3d 573 (9th Cir. 2003) (holding that the application of defaults under Clark has rested on an independent state procedural ground since the California Supreme Court's decision in In re Robbins, 18 Cal.4th 770 (1998)). The next question is whether the Clark successive petition default is adequate. For a state procedural default to be adequate, it must be well-established and consistently applied. See id. at 583. In 1998, the California Supreme Court decided Robbins, and stated that "Clark serves to notify habeas corpus litigants that we shall apply the successiveness rule when we are faced with a petitioner whose prior petition was filed after the date of finality of Clark." See Robbins, 18 Cal.4th at 788 n.9. Thus, Clark put habeas petitioners in California on notice that the successiveness bar would be consistently applied. Moreover, the successive petition default is well-established in California, at least since Clark was decided in 1993. See Siripongs v. Calderon, 35 F.3d 1308, 1318 (9th Cir. 1994).

In this case, the successive petition default occurred and was imposed in 2004. The court concludes, therefore, that it was independent, well-established, and consistently applied as of that date. The burden shifts to petitioner to demonstrate that the Clark default is

1 | not adequate.  See Bennett, 322 F.3d at 586.  Because petitioner has failed to do so, this court is
2 | barred from reviewing those claims which were denied based on Clark.
3 |      Because the court concludes that review of these claims is barred, it is not
4 | necessary to address respondent's other contention that one of the defaulted claims is also
5 | unexhausted.

### III.  CONCLUSION

Petitioner procedurally defaulted on all of his claims except his claims that: (1) the decision denying parole was not based on sufficient evidence; and (2) he was improperly placed in waist chains and cuffs during his parole hearing.  Therefore, this court is barred from reviewing the defaulted claims, which should be dismissed.

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 29) be granted; and

2. All of petitioner's claims, except his claims that the decision denying parole was not based on sufficient evidence, and that he was improperly placed in waist chains and cuffs during his parole hearing, be dismissed as procedurally barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 19, 2006.

                                                             **CRAIG M. KELLISON**
                                                             UNITED STATES MAGISTRATE JUDGE